

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 8, 2018**

**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CHARLES LEE BALLENGER and | § | CASE NO. 16-50277-rlj7 |
| LILLIAN BALLENGER, | § | |
| | § | |
| Debtors. | § | |

## MEMORANDUM OPINION AND ORDER

The debtors, Charles and Lillian Ballenger, made payments from late December 2016 through August 2017 to the Lubbock County Appraisal District in the total amount of $1,575.00 for past-due property taxes and, for the same time period, to the Internal Revenue Service in the total amount of $1,800.00. The payments were made *after* they filed this chapter 7 case and, they submit, to satisfy their respective obligations to Lubbock County and the IRS that came due *before* the filing of their bankruptcy case. They argue, therefore, that they are entitled to a claim against their own bankruptcy estate for having made post-petition payments on prepetition obligations.

The Ballengers first requested that they be allowed an administrative claim under §§ 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code. Doc. Nos. 32, 33. They then amended

their request to base their administrative claim on § 507(a)(8)(A); failing that, they request, on the holding of *In re Kaldis*, 122 B.R. 54, 56 (Bankr. S.D. Tex. 1990), that they should be allowed an unsecured claim. Doc. Nos. 39, 40.[1]

The interplay of §§ 507(a)(2) and 503(b) do not allow the Ballengers to have either an administrative claim or a priority claim in their bankruptcy case. The taxes that they purportedly paid, both property taxes and federal income taxes, are prepetition taxes that are specifically excepted from allowance as administrative claims under § 503(b), which allows an administrative claim for taxes *incurred by the bankruptcy estate*. 11 U.S.C. § 503(b)(1). They likewise are not entitled to priority treatment under § 507(a)(8) for "allowed unsecured claims *of governmental units*." § 507(a)(8) (emphasis added). Lastly, the Ballengers are foreclosed by § 507(d) from asserting, as they do, that they have a priority claim based on rights of subrogation from having paid both Lubbock County and the IRS.

The *Kaldis* case lends some support to the Ballengers' position that they are subrogated to Lubbock County and the IRS, at least to the extent of having unsecured claims. This is premised on the notion that their bankruptcy estate is, during the pendency of the bankruptcy, obligated on such claims, which, in turn, excepts the debtor from the rule that persons cannot be subrogated for payment of their own debts. *Kaldis*, 122 B.R. at 55. For the property tax claim, however, given that the property taxes concern the Ballengers' homestead, the Court denies any subrogation-based claim. The trustee will not pay a claim secured by the Ballengers' homestead. Using estate assets to pay such claim makes no sense—the creditor is protected by its lien on the home. Thus the Ballengers' payment to Lubbock County does not have the effect of freeing-up any additional estate assets that can be paid to unsecured creditors of the case. Allowing the

---

[1] The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

Ballengers to share with other unsecured creditors to the extent of such payment would dilute the distribution to other unsecured creditors.

A subrogation claim from payment of the prepetition IRS debt might improve the distribution to other unsecured creditors. But there is no evidence here to support such conclusion. It is unclear whether there will be sufficient assets to make a distribution to unsecured creditors. The Ballengers state that the IRS was owed $3,184.00, but the IRS filed a claim for $1,237.49. How the Ballengers' payments were applied to the IRS debt is likewise unclear. The Court will therefore deny the Ballengers' request for subrogation as an unsecured claim to the extent it has made payments to the IRS. The denial of the Ballengers' subrogation claim for payment to the IRS is made without prejudice to their filing such claim in the event there are sufficient assets with which to make distributions to unsecured creditors in this case. It is, therefore,

ORDERED that the Ballengers' request for allowance of an administrative or priority claim is denied; it is further

ORDERED that the Ballengers' request for allowance of an unsecured claim for payments made to Lubbock County is denied; it is further

ORDERED that the Ballengers' request for allowance of an unsecured claim for payments made to the IRS is denied; such denial is without prejudice as instructed.

### End of Memorandum Opinion and Order ###